IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. FRED HEGWOOD, JR.

**Direct Appeal from the Circuit Criminal Court for Williamson County**
**No.  I-997-315-A    Donald P. Harris, Judge**

---

**No. M1999-00781-CCA-R3-CD - Decided June 16, 2000**

---

The Defendant was tried by jury in Williamson County and found guilty of two counts of the sale and delivery of heroin, possession of heroin, possession of cocaine, and possession of one half an ounce or more marijuana with intent to sell or deliver. The trial court sentenced him to an effective sentence of nine and one half years incarceration. In this appeal as of right, the Defendant argues that he received an excessive sentence. We conclude that his sentence was improperly enhanced on one count. Accordingly, we modify the Defendant's sentence to an effective sentence of nine years incarceration.

**Tenn. R. App. P. 3; Judgment of the Trial Court Modified in Part.**

WELLES, J., delivered the opinion of the court, in which WADE, P. J., and Riley, J., joined.

Cynthia M. Fort, Nashville, Tennessee, for the appellant, Fred Hegwood, Jr.

Paul G. Summers, Attorney General and Reporter, Jennifer L. Bledsoe, Assistant Attorney General, Ron Davis, District Attorney General, Jeff Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 8, 1997, the Williamson County Grand Jury indicted the Defendant, Fred Hegwood, Jr., for six counts of drug-related charges. Specifically, he was indicted for three counts of the sale and delivery of heroin (Counts I-III), one count of possession of heroin with intent to sell and deliver (Count IV), one count of possession of cocaine with intent to sell and deliver (Count V), and one count of possession of marijuana with intent to sell and deliver (Count VI). The State later dismissed one count of sale and delivery of heroin (Count I). The Defendant and his son, Fred Hegwood, III, were jointly tried by a Williamson County jury on May 12 and 13, 1999. The jury found the Defendant guilty of two counts of the sale and delivery of heroin (Counts II and III), possession of heroin (Count IV), possession of cocaine (Count V), and possession of one half an

ounce or more marijuana with intent to sell or deliver (Count VI). A sentencing hearing was conducted on August 20, 1999, and the trial court imposed the following sentences: nine years incarceration and a $10,000 fine for one count of the sale of heroin (Count II) ; nine and one half years incarceration and a $10,000 fine for the other count of the sale of heroin (Count III); eleven months, twenty-nine days incarceration and a $2,500 fine for possession of heroin (Count IV); eleven months, twenty-nine days incarceration and a $2,500 fine for possession of cocaine (Count V); and two years incarceration and a $5,000 fine for possession of marijuana with intent to sell or deliver (Count VI). The trial court sentenced the Defendant as a Range I standard offender as to Counts II, III, and VI and ordered that all sentences be served concurrently. The Defendant now appeals as of right, presenting only one issue for our review, whether the sentences of nine years and nine and one half years imposed for Counts II and III, respectively, were excessive. We modify the Defendant's sentence for Count III and affirm all other sentences.

The charges in this case arose from a series of transactions between the Defendant and Patrick Howell, an undercover agent with the Tennessee Bureau of Investigation. The proof at trial revealed that Howell first made contact with the Defendant on November 19, 1996, when he went to the Defendant's home with a confidential informant and another individual to make a drug purchase. On November 19, Howell purchased three grams of heroin from the Defendant for $1,000. Howell wore an audio transmitter during the transaction, and audio tapes were recorded of the purchase. On December 4, 1996, Howell returned to the Defendant's home, accompanied by the same two individuals and again purchased three grams of heroin for $1,000. This transaction was also audio-taped.

On February 27, 1997, Howell and other law enforcement officers executed a search warrant for the Defendant's home. Both the Defendant and his son, Fred Hegwood, III, were present in the home when the officers arrived. When Howell entered the bedroom of the Defendant's son, the son was attempting to throw a duffel bag out of his bedroom window. Howell and the son engaged in a struggle for possession of the bag, and the son eventually managed to throw the bag out of the window. It landed on the ground in the front yard of the home, next to law enforcement officers who were monitoring the outside of the home. Three pounds of marijuana packaged in plastic freezer bags were recovered from the duffle bag. In addition, law enforcement officers recovered heroin, cocaine, marijuana, numerous weapons, including an assault pistol, various drug paraphernalia, and a large amount of United States currency from the home.

At the sentencing hearing conducted on August 20, 1999, Agent Joe Kimball of the 21st Judicial District Drug Task Force testified that he investigated the Defendant and his son for the sale of narcotics between March 19, 1999 and April 14, 1999 after he received information that they were selling cocaine base, commonly known as "crack cocaine," from their home. He stated that a cooperating informant purchased cocaine from the Defendant on March 19, March, 26, April 8, and April 13, 1999. On April 14, 1999, law enforcement officers conducted another search of the Defendant's home and recovered liquid Dilaudid, scales, various drug paraphernalia, marijuana, cocaine (in both powder and base form), two handguns, bank documents, and a large amount of cash.

Kimball also testified that his investigation indicated that the Defendant was using both heroin and cocaine at the time of the investigation.

The Defendant complains that the trial court erred by imposing an excessive sentence. The Defendant contests only the sentences imposed for Counts II and III, both for the sale of heroin. He argues that the trial court erred by enhancing his sentence for Count II on the basis of his prior drug usage. He further argues that the trial court erred by enhancing his sentence for Count III on the basis of his criminal activity in Count II. He points out that he has no prior convictions and contends that the trial court should have imposed the minimum sentence of eight years for his offenses in Counts II and III, both Class B felonies. See Tenn. Code Ann. §§ 39-17-417(a), (b), 40-35-112(a)(2).

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Id. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Furthermore, "[t]he presumptive sentence for a Class B, C, D and E felony shall be the minimum sentence in the range if there are no enhancement or mitigating factors." Tenn. Code Ann. § 40-35-210(c). When a defendant is convicted of a Class B felony and both enhancement and mitigating factors apply, the trial court must start at the minimum sentence in the range, enhance the sentence as appropriate after considering the enhancement factors, and then reduce the sentence as appropriate after considering the mitigating factors. See id. § 40-35-210(e).

In sentencing the Defendant, the trial court stated that it had considered the Defendant's presentence report, the arguments of counsel, and the mitigating and enhancement factors. We conclude that the trial court considered the pertinent factors and principles under our sentencing law, including the evidence presented at trial. Our review is thus de novo with a presumption of correctness.

As to Count II, the sale of heroin, the trial court noted that the Defendant had a history of drug usage and therefore applied enhancement factor (1), which states, "[t]he defendant has a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Id. § 40-35-114(1). Next, the trial court applied enhancement factor (1) to Count III, reasoning that the Defendant's conviction in Count II constituted a previous criminal conviction for purposes of the enhancement factor. See id. Third, the trial court enhanced the Defendant's sentence for Count VI, again based on enhancement factor (1) and also based on evidence that the Defendant possessed two firearms, one in his bedroom and one in his car, at the time of the offense charged in Count VI. Id.; see also id. § 40-35-114(9). Finally, the trial court applied mitigating factor (1), that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury." Id. § 40-35-113(1). However, the trial court maintained that this factor "carrie[d] little or no weight with the court because drugs, and especially the kind that Mr. Hegwood was selling, are dangerous to not only the person that is using them, but to society because of the acts of people who use drugs and the fact that there may be innocent victims."

The Defendant contests only the length of his sentences for Counts II and III. We first conclude that enhancement factor (1) was properly applied with regard to Count II. A history of drug usage supports application of this factor. See State v. Alexander, 957 S.W.2d 1, 7 (Tenn. Crim. App. 1997); State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997). The Defendant's presentence report indicates that the Defendant had a history of drug usage. He reported prior abuse of marijuana, cocaine, and heroin. He also reported that he began to use cocaine in small amounts at age forty-one and that his use of cocaine became "out of control by age 48."[1] In addition, he reported that he first used heroin at the age of 18 and last used it in 1996.

With regard to application of enhancement factor (1) to Count III based on the Defendant's sale of heroin in Count II, the State concedes error. While we agree that the trial court erred by enhancing the Defendant's sentence on the basis of his sale of heroin in Count II, we nonetheless conclude that enhancement factor (1) was properly applied to Count III. As previously stated, application of enhancement factor (1) may be based on a defendant's prior drug usage, and here, the Defendant's history of drug use supports application of this factor.

However, we must conclude that the Defendant's nine and one-half year sentence for Count III should be modified. The trial judge based the nine-year sentence for Count II on the Defendant's prior drug usage. The Defendant's sentence for Count III may not be enhanced based upon his conviction in Count II. Because we have concluded that enhancement factor (1) was appropriately applied for sentencing in Count II, for which the Defendant received a nine-year sentence, we accordingly modify the Defendant's sentence for Count III to nine years incarceration.

The Defendant's sentence for Count III is modified to nine years. In all other respects, the judgment of the trial court is affirmed.

---

[1] The Defendant was fifty years old at the time of sentencing.